UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA

---------------------------------------------------------------------X
DH-DHEKELIA SHIP MANAGEMENT LIMITED,

                Petitioner,

-vs-

BLUESTONE COAL SALES CORPORATION

                Respondent.
---------------------------------------------------------------------X

Case No. 7:22cv00653

**VERIFIED PETITION TO CONFIRM AND ENFORCE FOREIGN ARBITRATION AWARD AND TO ENTER JUDGMENT IN FAVOR OF PETITIONER**

Petitioner, DH-DHEKELIA SHIP MANAGEMENT LIMITED (hereinafter "DH-Dhekelia" or "Petitioner"), by and through undersigned counsel, hereby respectfully petitions the Court for an Order confirming and enforcing the final arbitration award (the "Final Award") entered on September 20, 2022 by a Tribunal issued in the arbitration between the Petitioner and Respondent, BLUESTONE COAL SALES CORPORATION (hereinafter "Bluestone" or "Respondent"), captioned DH-Dhekelia Ship Management Limited v. Bluestone Coal Sales Corporation and entered in accordance with English Law and the London Maritime Arbitration Association ("LMAA") Rules; entering judgment in Petitioner's favor against Bluestone in the amount of the Final Award with pre-award and post-award interest provided therein, plus the costs of this proceeding; and awarding Petition such other and further relief as this Court deems just and proper.

**INTRODUCTION**

1.    This action is a summary procedure to confirm and enforce a foreign arbitration award. On September 20, 2022, Petitioner obtained the Final Award against Respondent, issued by Alan Oakley and Daniella Horton (the "Tribunal"). A copy of the Final Award is attached hereto as **Exhibit 1**.

2.      As set forth more fully below, the arbitration arose from disputes under a Charter Party Agreement dated November 4, 2020 (the "Charter Party") in which Petitioner agreed to charter the M/V ELENA VE ("the Vessel") to Respondent Bluestone for the carriage of cargo consisting of 70,000 MT 10% MOLOO coal to be loaded.  A copy of the fixture recap and charter party is attached hereto as **Exhibit 2**.

3.      The Tribunal found that Petitioner was entitled to recover $1,062,295.93, plus 5% per annum in interest (compounded quarterly) accruing from May 1, 2021 until the date of payment, and awarded Petitioner that amount plus the Tribunal's fees of £13,550 (plus interest).[1] The time for appeal under English Law has expired and, as such, the Final Award is final and enforceable pursuant to the Convention on the Recognition and Enforcement of Foreign Arbitral Awards of June 10, 1958 (the "New York Convention") and its implementing legislation, 9 U.S.C. §§ 201-208.

4.      In accordance with the express mandate of Congress and the obligations assumed by the United States under the New York Convention, this Court must enforce the Final Award "unless it finds one of the grounds for refusal or deferral of recognition or enforcement of the award specified in the said Convention." 9 U.S.C. § 207. The grounds specified in the New York Convention for refusing recognition and enforcement of an award are extremely limited and none are present here. Accordingly, the Final Award should be confirmed by this Court.

## THE PARTIES

5.      At all times material hereto, Petitioner was and still is a foreign company organized under the laws of Cyprus.

---

[1] Petitioner was also awarded its reasonable costs, in an amount to be determined in a future award if not agreed between the parties.

6. Upon information and belief, at all times material hereto, Respondent Bluestone is a Delaware corporation with its principal place of business at 302 S. Jefferson Street, Roanoke, Virginia 24011.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over this action pursuant to 9 U.S.C. § 203 because it is an action seeking recognition and enforcement of a foreign arbitral award under the New York Convention. Moreover, the New York Convention applies to the Final Award because the Final Award arises from a legal relationship that is commercial and involves foreign citizens and performance abroad. 9 U.S.C. § 202.

8. In addition, this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(2) because the parties are of diverse citizenship and the amount in controversy exceeds $75,000.00.

9. Venue is proper in this District pursuant to 9 U.S.C. § 204, in that save for the arbitration agreement, an action or proceeding with respect to the controversy between the parties could have been brought in this district.

10. Venue is also proper in this District pursuant to 28 U.S.C. § 1391(b)(1) and 28 U.S.C. § 1391(c) and (d), in that the respondent is subject to the Court's personal jurisdiction.

## FACTUAL BACKGROUND

11. At all times material hereto, DH-Dhekelia was the disponent owner of the M/V ELENA VE.

12. On or about November 4, 2020, Petitioner entered into a charter party agreement wherein Petitioner agreed to charter the Vessel to Bluestone for the carriage of cargo consisting of 70,000 MT 10% MOLOO coal to be loaded.  **Exhibit 2**.

13. The charter party agreement for the transport of cargo is a maritime contract.

14. Pursuant to Clause 43, the charter party agreement is governed by English law, and any dispute arising under the agreement shall be referred to arbitration in London. *Id*.

15. Disputes arose between the Parties under the Charter Party Agreement and Petitioner appointed Alan Oakley as its arbitrator on March 5, 2021. Respondent appointed Daniella Horton on March 25, 2021. Exhibit 2, ¶3. The Parties proceeded on written submissions. *Id*.

16. DH-Dhekelia and Bluestone agreed that demurrage would be calculated at the maximum rate of USD 16,000 (per day pro rata). *Id*.

17. Pursuant to the terms of the charter party agreement, cargo shall be loaded at the expense of Bluestone "per weather working day of 24 consecutive hour, Saturday, Sundays and Holidays included." *Id*. In addition, cargo shall be discharged at the expense of Bluestone "per weather working day of 24 consecutive hour, Sundays and holidays included." *Id*.

18. On January 3, 2021, the Vessel arrived at Newport News, Virginia and tendered notice of readiness at the port at 20:35 LT. The time for laytime and demurrage calculations would have begun to run at that time.

19. Upon the Vessel's arrival, the Respondent was not ready to load cargo.

20. The time allowed for loading and discharging under the charter party agreement would have been three (3) days had the cargo been loaded. Allowed laytime therefore expired at 1040 on January 7, 2021, at which point demurrage began to run.

21. The Tribunal found that the Vessel accrued a total of 57.86 days waiting to load the cargo. Exhibit 1, ¶ 41.

22. Giving Respondent credit for three (3) days for allowed laytime, the Tribunal found Respondent liable for demurrage for 54.86 days and at a rate of $16,000 per day pro rata, the total amount of demurrage was $877,760. *Id*., at ¶ 42.

23. Petitioner incurred and the Tribunal awarded additional damages for wrongful termination of the Charter Party in the amount of $142,959.86. *Id*., at ¶¶ 51-56.

24. Petitioner was also awarded expenses for wasted port disbursement account costs in the amount of $41,576.07. *Id.*, at ¶¶ 57-65.

25. Accordingly, the Final Award was issued in favor of Claimant and against Respondent in the amount of $1,062,295.93. *Id*., at ¶ 66.

26. Respondent has failed, neglected, and/or refused to submit payment, plus pre-award and post-award interest, plus costs in the amount awarded by the Tribunal under the Final Award.

27. Pursuant to English law, the Final Award is binding on the parties.

## COUNT I

**AS AND FOR A CAUSE OF ACTION FOR RECOGNITION AND ENFORCEMENT OF THE ARBITRATION AWARD UNDER THE NEW YORK CONVENTION**

28. Petitioner repeats and realleges the foregoing allegations as if set forth in full herein.

29. Petitioner hereby petitions this Court pursuant to the Federal Arbitration Act, 9 U.S.C. § 1 et seq., and the New York Convention, for an order confirming the Final Award in favor of Petitioner and against Respondent.

30. The United States of America and the United Kingdom are both signatories of the New York Convention, which provides that a court sitting in any signatory nation shall recognize and enforce a foreign arbitral award where: (a) certified copies of both the agreement to arbitrate

and the arbitral award are submitted; (b) the petition for recognition and enforcement is timely filed; and (c) none of the enumerated defenses to recognition and enforcement are present. (9 U.S.C. § 207; New York Convention, arts. IV-V and list of party States, June 10, 1958, 21 U.S.T. 2517, 330 U.N.T.S. 38).

31. Jurisdiction is proper in this Court pursuant to 9 U.S.C. § 203.

32. Venue is proper in this Court pursuant to 9 U.S.C. § 204.

33. The Final Award is final, and no further appeal can be taken. Petitioner respectfully submits that no grounds exist for refusal or deferral of recognition or enforcement of the Final Award against the Respondent under the New York Convention.

34. As of the date of this Petition, Respondent has failed to make any payment to Petitioner.

35. This Petition is timely because it is made within three years after the date of the Final Award.

36. Petitioner therefore brings this Petition to confirm and enforce the Final Award.

**WHEREFORE PREMISES CONSIDERED**, Petitioner prays as follows:

A. Issue process in due form of law against the Respondent, citing it to appear and answer under oath all and singular the matters alleged in this Petition;

B. Recognize, confirm and convert the Final Award to a Judgment of this Court; to be entered in favor of Petitioner and against Respondent for the full amount of the Final Award, plus interest and cost as specified therein, *i.e.*:

  i. The principal award in the amount of USD $1,062,295.93.

  ii. Arbitration costs in the amount of GBP £13,550 (which amount was equal to USD $15,626.67 at the exchange rate in effect as of November 9, 2022.

      iii.  Interest at the rate of 5%, compounded quarterly on the amounts awarded above as follows:

          1.  As to (i) from May 1, 2021 until date of payment; and

          2.  As to (ii) from September 20, 2022 (date of Final Award) until the date of payment

      iv.  Reasonable costs, in an amount to be determined in a future award if not agreed between the parties.

C.    Retain jurisdiction over this matter for any further or supplemental proceedings as may be necessary for the purpose of enforcing the Judgment and/or any further judgments that may be issued;

D.    Grant Petitioner its Rule 54(d) and/or 28 U.S.C. § 1920 costs and disbursements, including reasonable attorneys' fees, in pursuing the Judgment and enforcing the Final Award; and

E.    Grant such other relief as the Court may deem just and proper.

Dated: November 16, 2022                            Respectfully submitted,

/s/ *Ryan T. Gibson*
Patrick M. Brogan (VSB No. 25568)
Ryan T. Gibson (VSB No. 83183)
KAUFMAN & CANOLES, P.C.
150 W. Main Street, Suite 2100
Norfolk, VA 23510
T: (757) 624-3000
F: (888) 360-9092
pmbrogan@kaufcan.com
rtgibson@kaufcan.com
*Counsel for Petitioner*